UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Behlau

   v.                                                                Civil No. 20-cv-350-JD
                                                            Opinion No. 2021 DNH 076
Tiger Tiger Productions, LLC

O R D E R

Christopher Behlau brought suit against Tiger Tiger Productions, LLC ("Tiger"), a film production company, alleging that Tiger breached the parties' loan agreement.  Tiger moved for summary judgment on the ground that the claim was barred by the statute of limitations, and the motion was denied.  Tiger moves for reconsideration of that order, and Behlau objects.

Standard of Review

To succeed on a motion to reconsider an interlocutory order of the court, the moving party must "demonstrate that the order was based on a manifest error of fact or law."  LR 7.2(d).  A motion for reconsideration will not be granted based on new theories or old arguments that were presented previously and rejected.  Woo v. Spackman, 988 F.3d 47, 52 (1st Cir. 2021); Caribbean Mngt. Gr., Inc. v. Erikon LLC, 966 F.3d 35, 45-46 (1st Cir. 2020).  Reconsideration is an extraordinary remedy that is

to be used sparingly. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

Background[1]

Behlau brought a breach of contract claim against Tiger, which arose from the parties' loan agreement. Tiger argued in its motion for summary judgment that the parties' loan agreement was amended in October of 2012 to require repayment upon commencement of filming in the project, which occurred in March of 2013. When repayment was not made at that time, Tiger asserted, the agreement was breached.

Based on that theory, Tiger contended that Behlau's breach of contract claim accrued in March of 2013 and was time barred when the complaint was filed in March of 2020. In support, Tiger argued that Behlau had admitted that the agreement was amended, based on documents he sent to Tiger's sole member, George Butler, and statements made by Behalau's lawyer in a letter sent in July of 2013.

The court determined that New Hampshire statute of limitations applied, making the limitations period three years. The court determined that Behlau's lawyer's letter was not

---

[1] Additional background information is provided in the order denying Tiger's motion for summary judgment. Doc. no. 27, at *2-*5.

admissible for purposes of summary judgment and, in any case, did not establish that the agreement was amended to require repayment in March of 2013. The court also reviewed the record evidence and concluded that Tiger had not shown that the agreement was amended. For those reasons, the court held that the Behlau's breach of contract claim was not time barred.

## Discussion

In support of its motion for reconsideration, Tiger contends that the court overlooked its argument that Behlau admitted that the agreement was amended by sending documents for an amended agreement to Butler. In addition, Tiger contends that Behlau's attorney's letter was admissible to show his admission that the agreement had been amended. Tiger also contends that the court erred in concluding that Behlau's letter and attachments were an offer to amend rather than evidence of the parties' amended agreement.

A.  Behlau's Communications

Tiger primarily argued that Behlau's lawyer admitted that the agreement had been amended in a letter sent in July of 2013. For that reason, the court focused on that version of Tiger's argument. To the extent the court did not sufficiently address

Tiger's admission argument as to Behlau's own communications, that theory is resolved as follows.

Tiger argued that Behlau "admitted" that the loan agreement was amended in the letter he sent to Butler dated November 1, 2012, which asked for Butler's signatures.  In that letter, Behlau stated that he had decided not to convert his loan into an equity interest in Tiger and that the loan would be repaid no later than the commencement of filming.  He stated that his decision not to convert the loan into an equity interest was made in reliance on his agreement with Butler, as evidenced by the promissory note that he attached.[2]

Importantly, however, Behlau concluded by saying:  "If the foregoing conforms with your understanding of our agreement, please so indicate by signing  the Note and this letter below."  Doc. no. 16-1, at *1.  It is undisputed that Butler never signed either document or otherwise subsequently indicated his assent to the amended agreement that Behlau proposed in the November 1

---

[2] To the extent Tiger relies on Behlau's decision not to convert the loan into an equity interest, that option was provided in the original agreement.  Tiger has not shown how that decision means that Behlau admitted that the original agreement was amended.  The material change proposed by Behlau in the amended promissory note appears to be the due date of the loan.  In the original agreement, if the loan was not converted into equity interest, repayment of the loan would be due in five years with simple interest at a rate of 10%.  In the proposed amendment, the loan would be repaid no later than the commencement of filming.

letter.  To the contrary, the parties' further communications indicate that Butler did not agree to Behlau's proposed amendment.

Tiger also points to an email that Behlau sent to Butler in April of 2013.  The email states Behlau's position that they had agreed that he would not convert his loan into equity and that the loan would be due at the commencement of filming.  In the email, however, Behlau recounts his attempts to be repaid for the loan and for his efforts on behalf of the Tiger project and Butler's failure to repay the loan and to come to terms about Behlau's role in the project.  As such, the email does not provide evidence that Behlau and Butler agreed to amend the terms of the loan agreement and instead documents their ongoing lack of agreement.

It is hard to understand Tiger's theory that Behlau's attempts to obtain Butler's written assent to the proposed amended agreement and for other terms of his participation in the project amounts to an admission that the loan agreement was amended.  By the same reasoning, of course, Butler's failure to assent, his failure to provide payment under the proposed terms, and his subsequent denials that an amendment had occurred might be construed as admissions by him that the agreement was not amended.  In any case, Tiger's theory is meritless.

Even if Behlau's communications could be construed to be admissions, they would be ordinary admissions that are subject to rebuttal. The record contains ample evidence that Butler failed to agree to the amendment that Behlau proposed. See Order, doc. no. 27, at *12. For that reason, the communications do not prove that the agreement was amended, and instead the record demonstrates that at least a material factual dispute exists on that issue, which precludes summary judgment in Tiger's favor based on the statute of limitations.

B. Lawyer's Letter

Tiger argues, again, that Behlau's lawyer's letter sent in July of 2013 to Tiger's counsel as a part of settlement negotiations is admissible as an admission.[3] Tiger simply rehashes the arguments it made previously, which were unpersuasive then and have not gained persuasive authority for

---

[3] Again, Tiger, which is represented by counsel, confuses the separate issues of (1) evidence that may be admissible under Federal Rule of Evidence 801 despite the rule against hearsay, and (2) evidence that is not admissible under Federal Rule of Evidence 408. In response to the motion for summary judgment, Behlau argued and the court found that the lawyer's letter falls within the protection of Rule 408. Because Behlau did not object to the admissibility of the letter on hearsay grounds for purposes of the motion for summary judgment, Rule 801 has no effect on its admissibility.

purposes of reconsideration.[4]  In addition, as the court stated in the previous order, even if the letter were deemed to be an admission and also, separately, were found to be admissible despite Rule 408, at most the lawyer's statement would be an ordinary admission that is subject to rebuttal.  As was addressed in the previous order, the record amply shows at least a genuine dispute as to whether the agreement was amended.  Therefore, Tiger has not shown that summary judgment would have been appropriate.

C.   Weight of Butler's Failure to Sign Proposed Promissory Note

Tiger argues that the court erred in finding that Butler's failure to sign the promissory note, which Behlau sent with his November 1 letter, was evidence that Behlau and Butler did not agree to amend the loan agreement.  Tiger contends that the court should have considered other communications by Behlau that showed an amended agreement had been made and that the promissory note was evidence of that agreement.  The cited communications, however, do not show that Butler and Behlau

---

[4] Tiger cites cases that it did not cite in its memorandum in support of summary judgment or in its reply, although the cases were available at that time.  The newly cited cases, however, do not make a difference because they merely stand for the proposition that some evidence introduced during settlement negotiations may be admissible, which is undisputed and does not change the outcome here.

reached an amended agreement. Butler's refusal to sign the promissory note as proposed by Behlau is strong evidence that no amended agreement was reached. Therefore, as determined in the previous order, the record shows at least a genuine dispute of material fact as to whether the agreement was amended. Tiger has not shown grounds for summary judgment in its favor based on its theory that claim arose from an amended agreement and is time barred.

## Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 28) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 20, 2021

cc: Counsel of record.